UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES J. BROWN,

                    Plaintiff,                  Case No. 09-cv-12382
                                              Honorable Thomas L. Ludington

v.

CITY OF DETROIT, ET AL.,

                    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S
## MOTION FOR RECONSIDERATION

Plaintiff James J. Brown, a state inmate incarcerated at Muskegon Correctional Facility in Muskegon, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 on June 19, 2009, seeking, inter alia, a declaration that the circumstances of his arrest involved unconstitutional conduct by government officials. Plaintiff was granted leave to proceed without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After screening the complaint in accordance with 28 U.S.C. § 1915(e)(2), the Court issued an Order of Summary Dismissal because Plaintiff failed to state a claim upon which relief could be granted. Now before the Court is Plaintiff's Motion for Reconsideration [Dkt. # 5].

To prevail on a motion for reconsideration, the moving party generally mush demonstrate "a palpable defect by which the court and the parties [were] misled . . . [and] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *See Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004) (quoting *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

The Court dismissed the plaintiff's complaint pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  In *Heck*, the Supreme Court held that a claim challenging the fact of confinement rather than a condition of confinement is improper under 42 U.S.C. § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486–87.  This Court held that Plaintiff's complaint raised claims which, if decided in his favor, would necessarily imply the invalidity of his continued confinement.  The Court, therefore, summarily dismissed the complaint.

In his Motion for Reconsideration, Plaintiff argues that *Heck* created an exception to the favorable termination rule for Fourth Amendment-related claims.  Plaintiff relies on the following language in *Heck* to support his argument:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction.  Because of doctrines like independent source and inevitable discovery . . . and especially harmless error . . .  such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.  In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury . . . . which . . . does *not* encompass the "injury" of being convicted an imprisoned (until his conviction has been overturned).

*Id.* at 487 n.7 (citations omitted).

Plaintiff is correct that some courts have construed this language as carving out an exception to the favorable termination requirement for Fourth Amendment claims.  *See, e.g.*, *Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 558 & n.3 (10th Cir. 1999); *Copus v. City of Edgerton*, 151 F.3d 646, 648–49 (7th Cir. 1998).  "The Sixth Circuit, however, has emphatically rejected" such a

reading . . . ."  *See Bell v. Raby*, No. 99-72917, 2000 WL 356354, *6 (E.D. Mich. Feb. 28, 2000).

"The language of *Heck* plainly refutes the argument that Fourth Amendment claims are exempted

from the requirement that a conviction must be set aside as a precondition for this type of a § 1983

suit."  *Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).  Plaintiff has not demonstrated that

the Court's dismissal of his complaint pursuant to *Heck* was the result of a palpable defect.

Accordingly, the plaintiff's Motion for Reconsideration [Dkt. # 5] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: November 17, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 17, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS